# BEFORE THE
# UNITED STATES JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re: Syngenta AG MIR 162 Corn Litigation | MDL No. 2591 |
| _____ | |
| Christopher J. Niekamp, and Randall D. Hebrink, individually, and on behalf of all others similarly situated, | Case No. 3:23-CV-2289 |
| | Judge: Jack Zouhary |
| | Magistrate Judge: Darrell A. Clay |
| Plaintiffs, | |
| v. | |
| Watts Guerra LLP, Bassford Remele PA, Gustafson Gluek PLLC, Schwebel Goetz & Sieben PA, Stueve Siegel Hanson LLP, Hare Wynn Newell & Newton LLP, Gray, Ritter & Graham PC, Reed & McGraw PC, Lockridge Grindal Nauen PLLP, Paul McInnes LLP, Mikal C. Watts, and Francisco Guerra, | |
| Defendants. | |
| _____ | |

***NIEKAMP, ET AL.* PLAINTIFFS' NOTICE OF OPPOSITION TO *NIEKAMP* DEFENDANTS' TAG-ALONG CLAIM, ECF NO. 853 – *NIEKAMP* IS A LEGAL MALPRACTICE-FEE FORFEITURE LAWSUIT AND IS NOT A COLLATERAL ATTACK ON THE SYNGENTA MDL FEE AWARDS**

The named and putative class plaintiffs ("Farmers") in *Niekamp, et al. v Watts Guerra LLP, et al.*, No. 3:23-CV-2289-JZ (N.D. Ohio Nov. 28, 2023), respectfully file this Notice of Opposition to the Notice of Potential Tag-Along Actions filed on

1

December 21, 2023 by Patrick J. Stueve of Stueve Siegal Hanson LLP, in his capacity as Class Counsel and Settlement Class Counsel for the Syngenta MDL, No. 2591, ECF No. 853. The notice of potential tag-along by Stueve misrepresents Farmers' claims in the *Niekamp et al.* Amended Class Action Complaint For Declaratory And Injunctive Relief And Damages) ("Amended Complaint"), ECF No. 15.

### A. The *Niekamp* lawsuit is an independent legal malpractice-fee forfeiture lawsuit.

The Nie*kamp* lawsuit is an independent legal malpractice-fee forfeiture lawsuit and is not a collateral attack on the MDL settlement or the fee award decisions in the Syngenta MDL. The *Niekamp* lawsuit alleges racketeering and a breach of fiduciary obligations through deceit. *See* Amended Complaint, Summary of Claim, at ¶¶ 1-51. The Defendants are the Farmers' lawyers in the Syngenta MDL litigation in the District of Kansas who are signatories on joint prosecution agreements – private contracts between the lawyers – that excluded 60,000 Farmers from the MDL class proceedings during the litigation without the Farmers' knowledge and informed consent. *Id.* at ¶¶ 13-15 and 73-84.

The U.S. Supreme Court and Fed. R. Civ. P. 23 do not allow lawyers to privately contract clients and absent class members out of a Rule 23 class action, and thereby deprive the clients and absent class members of the individual notice and opt-out procedures enshrined in Rule 23. Thus, the Defendants' joint prosecution agreements were a breach of the Defendants' fiduciary obligations to Farmers and a fraud of

2

omission as a matter of law.

The Syngenta MDL is a consolidation of lawsuits by corn growers suing Syngenta for improper marketing of a GMO seed. The Syngenta litigation settled with a national class action settlement agreement filed with the MDL district court on March 12, 2018. Syngenta agreed to pay corn growers $1.51 billion in settlement of their claims. The Defendants in the *Niekamp* lawsuit were awarded $394 million in fees and expenses by the Syngenta MDL court in the settlement proceedings. Amended Complaint, at ¶ 243.

### B. Farmers' expert expresses his "serious concern, indeed shock" at the gravity of the Defendant lawyers' misconduct.

Farmers' expert on the liability issues is Prof. Richard W. Painter, the chief ethics counsel for President George W. Bush and the White House staff from 2005-2007, and the co-author of two books on legal ethics with Judge John T. Noonan, Jr., of the U.S. Court of Appeals for the Ninth Circuit. In a letter opinion filed with an affidavit of expert review with the complaint and amended complaint, N.D. Ohio No. 3:23-CV-2289-JZ, ECF Nos. 4 and 19, Ex. 1, a requirement under Minnesota law for the Minnesota legal malpractice claims in the complaint and amended complaint, Painter expresses his "serious concern, indeed shock" at the gravity of the Defendant lawyers' misconduct in the Syngenta litigation. The allegations of that misconduct as shown through the *Niekamp, et al.* Amended Complaint are now before Senior U.S. District Court Judge Jack Zouhary, who is assigned to the *Niekamp* case in the Northern District of Ohio.

Prof. Painter notes that the *Niekamp* lawsuit is a follow-on class action to *Kellogg*

*v. Watts Guerra LLP*, 41 F.4th 1246, 1268-1270 (10th Cir. 2022), *cert. denied*, 2023 WL 2563324 (U.S. Mar. 20, 2023) (No. 22-651), a case by six corn growers that was filed in the District of Minnesota in 2018, transferred to the Syngenta MDL during the settlement proceedings, and dismissed by the MDL district court with the dismissal affirmed by the Tenth Circuit. On March 20, 2023, the U.S. Supreme Court denied a petition by the *Kellogg* plaintiffs for a writ of certiorari. Sup. Ct. No. 22-651.

The *Kellogg* lawsuit was not certified as a class action before the lawsuit claims were dismissed against the six named plaintiffs, and is not res judicata or collateral estoppel to the same claims by corn growers who were not named plaintiffs in the *Kellogg* lawsuit.

The denial of the petition for a writ of certiorari by the Supreme Court was a decision to not decide the important legal issues through that petition at that time. This *Niekamp* lawsuit will push the issues that are critically important to the fair treatment of class members and the integrity of the legal profession.

Prof. Painter makes the same point in his letter opinion (emphasis added):

> I have reviewed the findings of the District Court and the Tenth Circuit and nowhere are my substantive concerns with the professional conduct of class counsel addressed in any of those rulings.  The district court appears to have recognized that there could be a breach of fiduciary issue, but *that issue was never adjudicated*. I am aware that [the plaintiff corn growers] had adverse decisions in the district court and the Tenth Circuit, but none of those decisions addressed the merits of the professional ethics issues that were central to my expert opinion. Insofar as the substantive breach of fiduciary and professional ethics issues are concerned, the orders in this case are not *res judicata* because *those issues were never adjudicated*.

Painter states in his letter opinion that the substantive issues in the lawsuit "are critically important" and need to be resolved:

> In my opinion these issues are critically important to the fair treatment of class members and the integrity of the legal profession. They should be addressed either by the disciplinary authorities where class counsel are licensed, including Minnesota and/or by the federal courts. If another court [N.D. Ohio] is willing to hear these claims on the merits that would of course be the most effective way of compensating the class members who appear to have been betrayed by the lawyers who purported to represent them.

As addressed, the *Niekamp* lawsuit addresses lawyer misconduct in the Syngenta litigation through the unlawful and concealed joint prosecution agreements, and has no connection to the underlying Syngenta MDL lawsuit claims of improper marketing of a GMO seed. The *Niekamp* lawsuit does not attack the terms of the settlement or the fee awards to the lawyers but only asserts that whatever fees were awarded in the Syngenta MDL settlement proceedings, are now subject to forfeiture to the Farmers in the *Niekamp, et al.* legal malpractice lawsuit. *See, e.g.,* Amended Complaint, at ¶ 22. Whether the MDL district court judge awarded $394 million to the Defendants in the *Niekamp* lawsuit, or $30 million to the Defendants, is of no concern to the *Niekamp* lawsuit. The only concern is that whatever fees were awarded by the MDL judge to the *Niekamp, et al.* Defendants, are now subject to forfeiture to Farmers through the legal malpractice claims in the *Niekamp* lawsuit, as determined through litigation of the merits of the claims before Judge Zouhary.

5

**C.     Transfer of the *Niekamp* lawsuit by the MDL Panel would be a "categorical violation" of the 28 U.S.C. § 1407(a) mandate and a judicial usurpation of power by the MDL Panel in exceeding the mandate as enacted by the U.S. Congress.**

Unlike the *Kellogg* lawsuit, which was erroneously transferred by the Judicial Panel on Multidistrict Litigation (MDL Panel) from the District of Minnesota to the Syngenta MDL, *see Kellogg* Petition For Writ Of Certiorari, Sup. Ct. 22-651 (Questions Presented), this *Niekamp* class action cannot be transferred from the Northern District of Ohio. This lawsuit cannot be transferred because, under 28 U.S.C. § 1407(a), the MDL transfer statute, the MDL Panel may only transfer "civil actions involving one or more common questions of fact" to any single district court for "coordinated or consolidated pretrial proceedings." The *Niekamp* lawsuit is a legal malpractice lawsuit by corn growers against their lawyers for racketeering and a breach of fiduciary obligations through deceit. The *Niekamp* lawsuit has no common questions of fact and no shared claims with the cases transferred into the Syngenta MDL. Pretrial proceedings in the Syngenta MDL were concluded in 2018. Thus, the transfer of the *Niekamp* lawsuit by the MDL Panel would be a "categorical violation" of the § 1407(a) mandate and a judicial usurpation of power by the MDL Panel in exceeding the mandate as enacted by the U.S. Congress and an abuse of discretion. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41-43 (1998) ("reversal is necessary" for decisions "erroneously litigated in a district in which … venue may never be laid under [28 U.S.C § 1407].").

**D.     The *Niekamp* lawsuit cannot be transferred because the Syngenta MDL district court judge has a conflict of interest that mandates his disqualification under 28 U.S.C. § 455.**

Beyond the plain language of 28 U.S.C. § 1407(a), the *Niekamp* lawsuit cannot be transferred because the Syngenta MDL district court judge has a conflict of interest that mandates his disqualification under 28 U.S.C. § 455(a) ("bias or partiality"), § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding"), and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding"). As set forth in Count III of the *Niekamp, et al.* Amended Complaint, Civil RICO, 18 U.S.C. § 1962(c), the Hon. John W. Lungstrum, the presiding district court judge in the Syngenta MDL, and the Hon. Thomas M. Sipkins, the presiding judge in the Minnesota individual and class proceedings at the time of class certification, constitute an "enterprise" conducted by the Defendants within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c), in that they are "a group of individuals associated in fact" (the "Fraud On The Court Enterprise"). *See* Amended Complaint, at ¶¶ 31-33, 85, and 319-321.

Because an "enterprise" is merely the vehicle through which illegal activity is pursued, not the bad actor itself, even victims can constitute an "enterprise." *See Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 259 & n.5 (1994). In this case, the members of the Fraud On The Court Enterprise share the common purpose of being deceived by the Defendants through the language of the joint prosecution agreements and

oral statements to allow the automatic opt-outs from the MDL and Minnesota class proceedings during the litigation without the Farmers' knowledge and informed consent.

As set forth in the *Niekamp* Amended Complaint, Defendants Mikal C. Watts, Francisco Guerra, Watts Guerra LLP, and the MDL and Minnesota class counsel and other Defendants, are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c), who individually conducted, participated in, engaged in, and operated and managed the affairs of the Fraud On The Court Enterprise through a pattern of racketeering activity, as directed and controlled by the Defendants in this lawsuit, within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) and 1962(c).

It is a self-evident truth that a judge who is a victim of a racketeering scheme by lawyers – a fraud on the court enterprise – cannot preside as a judge to address the scheme. A victim of the misconduct cannot fairly judge the perpetrators of the misconduct as applied to other victims. Thus, the Syngenta MDL court, the Hon. John W. Lungstrum, has a judicial conflict of interest that requires recusal or disqualification under the 28 U.S.C. §§ 455(b) recusal mandates of the United States Congress and the Fifth Amendment Due Process Clause's guarantee of an impartial adjudicator. *Williams v. Pennsylvania*, 579 U.S. ___, 136 S. Ct. 1899, 1905, 195 L.Ed.2d 132 (2016) (a due process violation can occur if the judge played a critical role in a prior related proceeding that creates the likelihood of bias or a personal interest in the outcome).

E. **The conflicts of interest if the *Niekamp, et al.* lawsuit is transferred from the Northern District of Ohio to the Syngenta MDL are insurmountable.**

Stueve does not clearly acknowledge in his notice of potential tag-along that the *Niekamp, et al*. lawsuit presents new defendants and legal malpractice claims with ongoing misconduct and that the MDL Class Counsel and Settlement Class Counsel, including Stueve's law firm, are Defendants. Stueve's firm cannot represent the *Niekamp* plaintiffs in the Syngenta MDL at the same time his law firm is a Defendant in a legal malpractice lawsuit brought by those clients. The conflicts of interest if the *Niekamp, et al.* lawsuit is transferred from the Northern District of Ohio to the Syngenta MDL – with MDL Settlement Class Counsel representing the *Niekamp* Farmers while being sued by those Farmers in the same court – are insurmountable.

Dated: December 28, 2023

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN # 0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

John C. Weisensell (OH # 0029901)
WEISENSELL, MASTRANTONIO
& ORLANDO LLP
23 South Main Street
Suite 301
Akron, OH 44308

          (330) 434-1000
          jack@nwm-law.com

          *Counsel for Plaintiffs and the proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify the following:

I hereby certify that on this 28th day of December, 2023, a copy of the foregoing *NIEKAMP, ET AL.* PLAINTIFFS' NOTICE OF OPPOSITION TO POTENTIAL TAG-ALONG CLAIM – *NIEKAMP* IS A LEGAL MALPRACTICE-FEE FORFEITURE LAWSUIT THAT IS NOT A COLLATERAL ATTACK ON THE SYNGENTA MDL FEE AWARDS, was electronically filed with the Judicial Panel on Multidistrict Litigation by using the CM/ECF system, which will send notice of electronic filing to all parties of record.

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Panel on Multidistrict Litigation, I further certify a copy of the foregoing Notice was served via email as follows:

Christopher L. Goodman, Esq.         cgoodman@thompsoncoe.com
Thompson, Coe, Cousins & Irons, LLP
408 St. Peter St., # 510
St. Paul, MN 55102
   (Counsel for Watts Guerra LLP,
   Mikal C. Watts, and Francisco Guerra)

David R. Hudson, Esq.         dhudson@reminger.com
Reminger Co., LPA
One Seagate, Suite 1600
Toledo, OH 42605
   (Counsel for Watts Guerra LLP,
   Mikal C. Watts, and Francisco Guerrra)

Douglas R. Dalgleish, Esq.         doug.dalgleish@stinson.com
Stinson LLP
1201 Walnut Street
Suite 2900
Kansas City, MO 64106
   (Counsel for Stueve Siegel Hanson LLP)

Gerald R. Kowalski, Esq.
Sarah K. Skow, Esq.         sskow@snlaw.com
Spengler Nathanson P.L.L.

900 Adams Street
Toledo, OH 43604
    (Counsel for Stueve Siegal Hanson LLP,
    Hare Wynn Newell & Norton LLP,
    Gray Ritter Graham PC, and
    Gray Reed & McGraw PC

Michael M. Lafeber, Esq.     mlafeber@taftlaw.com
Taft Law
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2157
    (Counsel for Gustafson Gluek PLLC)

William L. Davidson, Esq.     william.davidson@lindjensen.com
Lind, Jensen, Sullivan & Peterson, P.A.
1900 AT & T Tower
901 Marquette Avenue South
Minneapolis, MN 55402
  (Counsel for Bassford Remele PA)

Holly Marie Wilson, Esq.     hwilson@reminger.com
Reminger Co., LPA
200 Public Square, Suite 1200
Cleveland, OH 44114
    (Counsel for Bassford Remele PA)

Robert K. Shelquist, Esq.     rkshelquist@locklaw.com
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2159

Schwebel Goetz & Sieben PA     bsieben@schwebel.com
5120 IDS Center
80 S. 8th St.
Minneapolis, MN 55402-2246.

Paul McInnes LLP     rick@paulllp.com
a/k/a Paul LLP

601 Walnut Street
Suite 300
Kansas City, MO 64106

    I further certify that a copy of the foregoing Notice was transmitted to the clerk of the district court where the action is currently pending by using the CM/ECF system, as listed in the Schedule of Actions at MDL 1591, ECF No. 853.

United States District Court for the Northern District of Ohio
Toledo Division
Office of the Clerk
James M. Ashley and Thomas W.L. Ashley U.S. Courthouse
Toledo, Ohio 42604

Dated: December 28, 2023

                                    Respectfully submitted,

                                    By: /s/ Douglas J. Nill
                                    Douglas J. Nill (MN # 0194876)
                                    DOUGLAS J. NILL, PLLC
                                    d/b/a FARMLAW
                                    1850 Fifth Street Towers
                                    150 South Fifth Street
                                    Minneapolis, MN 55402
                                    (612) 573-3669
                                    dnill@farmlaw.com

                                    John C. Weisensell (OH # 0029901)
                                    WEISENSELL, MASTRANTONIO
                                    & ORLANDO LLP
                                    23 South Main Street
                                    Suite 301
                                    Akron, OH 44308
                                    (330) 434-1000
                                    jack@nwm-law.com